UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 04-71-DLB-JGW

UNITED STATES OF AMERICA                                             PLAINTIFF

VS.

BRADLEY ALLEN SMITH                                                  DEFENDANT

## REPORT AND RECOMMENDATION

On August 31, 2011 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, BRADLEY ALLEN SMITH, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Steve Smith and the United States was present through Assistant United States Attorney Bob McBride. The proceedings were recorded by official court reporter Lisa Wiesman and conducted pursuant to 18 U.S.C. § 3401(I). Defendant admitted violating the terms of his supervised release as set out in the August 29, 2011 violation report of U.S.P.O. John D'Alessandro.

After pleading guilty to one count of Receiving Child Pornography, Having Been Shipped Interstate Via Computer in violation of 18 U.S.C. § 2252(b)(1), and one count of Possession of Child Pornography Having Been Shipped Via Interstate/Foreign Commerce in violation of 18 U.S.C. § 2252(a)(4)(B), Smith was sentenced on April 28, 2005 to sixty months incarceration followed by ten years of supervised release. Defendant began his term of release on October 1, 2009.

His conditions were modified on March 21, 2011 to include three months of home detention with GPS location monitoring resulting from his unapproved contact with the minor children of Jessica McCubbin, defendant's girlfriend. On May 11, 2011 defendant's conditions of release were

1

again modified to add an additional six months home detention for a total of 9 months with GPS location monitoring. This modification resulted from Smith's failure to comply with the instructions of the probation office by continuing to have contact with Jessica McCubbin. Yet a third modification was entered on July 13, 2011 directing defendant to complete twelve consecutive weekends of intermittent confinement starting on August 19, 2011. By virtue of the August 29, 2011 violation report, Smith now stands charged with the following new violations:

> **VIOLATION #1. SUPERVISED RELEASE CONDITION #3: THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

On May 6, 2011 the defendant was instructed by the U.S. Probation Office to have no contact with Jessica McCubbin. On June 22, 2011 the defendant admitted to having contacted Ms. McCubbin on at least 8 instances since May 6, 2011.

> **VIOLATION #2. MODIFIED CONDITION: THE DEFENDANT SHALL COMPLETE A THREE (3) MONTH TERM OF HOME DETENTION. THE HOME DETENTION SHALL CONSIST OF LOCATION MONITORING WITH GPS. THE OFFENDER SHALL PAY SOME OR ALL OF THE COST OF THE MONITORING.**

On July 29 and August 26, 2011 Smith traveled to locations not pre-approved by the probation officer and not in compliance with his location monitoring schedule. When Smith was questioned on August 4, 2011 about his movements on July 29, 2011, he responded that "I had to run some errands for mom". On August 9, 2011 he was again questioned as to the July 29 movements and responded that he was in the Covington and Latonia, Kentucky areas to purchase a tire, drop off donations to a church, and shop at Wal-Mart. Smith was verbally admonished for not getting those trips pre-approved by the probation office.

On August 12, 2011 the probation office received a call from Thomas McCubbin advising

that Smith had additional contact with Jessica McCubbin and her children on July 29, 2011. McCubbin stated that he witnessed Ms. McCubbin at approximately 3:30 p.m. on July 29 in the presence of defendant (in his vehicle) while she was with her youngest child. Thomas McCubbin and Ms. McCubbin were involved in a domestic dispute to which police were called by a third party. The third party stated on the 911 call that an individual in a red car dropped off a woman and child in the area of Aberdeen Avenue in Latonia. Smith owns a red car and the location monitoring data verified that he was on Aberdeen Avenue at 3:35 p.m., an area not approved by his probation officer. On August 26, 2011 Smith traveled to the Farrell Drive area of Fort Wright, Kentucky and the Alexandria Avenue area of Latonia. Again these were areas not approved by the probation officer.

The United States asked that the defendant be sentenced to nine months incarceration, or the top of the guideline range for his repeat offenses. Pointing to his regular employment and reporting to the probation officer as directed, defendant asks for a reduction to six months. However, few defendants have been afforded so many opportunities to reform their offensive conduct as Smith. His supervised release has now been modified three times within a four month time span. For that reason, the Court strictly admonished Smith in its July 13, 2011 order that another violation will result in incarceration at the top of the guideline range (i.e. 9 months). Accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above, and that his supervised release be REVOKED;

2. That the defendant, BRADLEY ALLEN SMITH, be sentenced to the custody of the Attorney General for a period of **NINE (9) MONTHS** with **TEN (10) YEARS** supervised release to follow;

3. As a special condition of supervised release, defendant shall complete a **NINE (9)**

3

**MONTH** term of home detention which shall consist of location monitoring with GPS. The defendant shall pay some or all of the cost of the monitoring;

4. The defendant shall abide by the Sex Offender Conditions adopted by the Court in the Eastern District of Kentucky on July 14, 2006;

5. The parties have agreed to waive the fourteen (14) day objection period and request prompt entry of an order from the district judge adopting this report and recommendation and entry of a criminal judgment;

6. The defendant shall self-surrender to the Boone County Jail on **FRIDAY, SEPTEMBER 2, 2011 by 6:00 p.m.**

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 31st day of August, 2011.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge